FILED
Mar 17, 2026
07:16 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | |
|---|---|
| TAYLOR GOCKENBACH,<br>　　　Employee,<br>v.<br>UNIVERSITY HEALTH SYSTEMS,<br>INC.,<br>　　　Employer,<br><br>and<br>THE HARTFORD ACCIDENT and<br>INDEMNITY,<br>　　　Carrier. | Docket No. 2025-20-4054<br><br>State File No. 29625-2025<br><br><br>Judge Brian K. Addington |

---

# EXPEDITED ORDER

---

At an expedited hearing on February 27, 2026, Ms. Gockenbach sought medical and temporary disability benefits. University argued untimely notice. Because Ms. Gockenbach reported a cumulative trauma injury within 15 days after she knew or reasonably should have known she suffered a work injury, the Court finds she is likely to succeed on medical benefits at a final hearing. However, because University could have accommodated her work restrictions, her request for temporary disability benefits after August 8, 2025, is denied.

### Claim History

Ms. Gockenbach worked 12-hour shifts as a nurse technician two to three days a week. Her job required lifting and turning patients and carrying food trays. Her average weekly wage was $385.75.

After months of work, Ms. Gockenbach noticed that her right shoulder, neck, and back hurt at work but not at home. By February 2025, her arm also hurt at home but was worse at work. On February 17, she felt tingling in her right arm after moving a patient. Though the pain gradually worsened, she worked her normal shifts.

On April 9, Ms. Gockenbach went to an orthopedic walk-in clinic and reported worsening pain for two weeks. An MRI showed a large labral tear, and on April 25, Dr. Michael Kern confirmed the labral tear, recommended surgery, and assigned light duty restrictions. Her supervisor testified that University could have accommodated her restrictions.

On April 29, four days after Dr. Kern diagnosed a labral tear, Ms. Gockenbach reported her injury to University and chose University of TN-Occupational Health from a panel of physicians. About a week later, she saw a nurse practitioner there who noted Ms. Gockenbach experienced pain and tingling after pulling a patient up in bed, but during examination, complained only of pain and no tingling. After reviewing the MRI results, the nurse referred her back to Dr. Kern.

Dr. Kern performed surgery and took Ms. Gockenbach off work from May 16, the date of surgery, until August 8 and imposed lifting restrictions. The last date for restrictions was September 19, but Dr. Kern noted she was not yet at maximum medical improvement. Ms. Gockenbach has not worked since her surgery.

Ms. Gockenbach asserted she did not know she was permanently injured until she saw Dr. Kern and was excused from giving notice until then. University countered that she knew of an acute injury on February 17 and should have given notice then. University relied on *Yeoman v. Transwood Logistics, Inc*. 2025 TN Wrk. Comp. App. Bd Lexis 57 (Nov. 13, 2025) to argue that an employee's lack of understanding of the seriousness of her injury does not excuse the notice requirement when involved in a sudden, traumatic accident at work like Ms. Gockenbach had on February 17.

### Findings of Fact and Conclusions of Law

Ms. Gockenbach must show she would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2025).

Specifically, Ms. Gockenbach must show she suffered an "injury by accident" that caused the need for medical treatment. *Id*. § 50-6-102(12). Further, an injury is "accidental" only if it "is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." *Id.* § 50-6-102(A).

Ms. Gockenbach testified to repetitive lifting with associated pain at work that waned when she was off work. Further, Dr. Kern confirmed in his notes on April 25 that she suffered a repetitive injury at work which caused a SLAP tear to her left shoulder.

An employee must notify her employer of a cumulative trauma injury within 15 days from the date she knows or reasonably should know she suffered an injury

that resulted in permanent physical impairment or became unable to perform her normal work activities. *Id*. § 50-6-201(b)(1)(2).

Although University argues that Ms. Gockenbach suffered an acute injury, Dr. Kern said she suffered a cumulative injury. University's reliance on *Yeoman* is misplaced. In that case, employee slipped when exiting a truck rather than experiencing cumulative trauma.

Ms. Gockenbach's pain began when she was at work and waned when she did not. She was sore from repetitive work activities and a specific activity on February 17 that also caused tingling. Eventually, after continuing work, her pain worsened, but the tingling went away. The Court finds that Dr. Kern diagnosed her labral tear on April 25 and later noted the injury was cumulative. Based on Dr. Kern's opinion, which is the only expert opinion, the Court finds that Ms. Gockenbach should have known she suffered an injury causing impairment when Dr. Kern diagnosed the tear on April 25. She provided notice four days later on April 29, well within the 15-day notice requirement.

Because the authorized provider referred Ms. Gockenbach to Dr. Kern and University did not object within three days, Dr. Kern is the authorized provider until he refers Ms. Gockenbach back to University of TN-Occupational Health. *Id*. § 50-6-204(a)(3)(A)(i) & (E).

Regarding temporary disability benefits, Ms. Gockenbach must show she became disabled due to a compensable injury, a causal connection between the injury and her inability to work, and the duration of her disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Ms. Gockenbach worked until her surgery, and her average weekly wage was $385.75. Dr. Kern took her off work from May 16 to August 8, which represents 12 weeks and one day. So, she is entitled to $3,122.78 in temporary total disability benefits for that period. Although he imposed restrictions after that date, Ms. Gockenbach has not looked for work, and University had work she could perform. So, she is not likely to succeed at a final hearing on temporary partial disability benefits after August 8.

It is **ORDERED, AS FOLLOWS:**

1. Ms. Gockenbach is entitled to past and ongoing medical benefits with Dr. Kern, who is designated the authorized physician.

2. University shall pay past temporary total disability benefits of $3,122.78 for May 16 to August 8, 2025.

3. This case is set for a status hearing on Thursday, **April 23, 2026, at 1:00 p.m. Eastern Time**. The parties must dial **855-543-5044** to participate. Failure to call may result in decisions without your participation.

4. Unless appealed, compliance must occur within seven business days of entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3).

**ENTERED March 17, 2026.**

**Brian K. Addington**

**JUDGE BRIAN K. ADDINGTON**
**Court of Workers' Compensation Claims**

**Exhibits:**

1. Affidavit of Taylor Gockenbach
2. Wage Statement
3. Physician Panel
4. UT Medical Center Team Member Event Form
5. Job description
6. Notice of Denial
7. Medical records from University of Tennessee Occupational Health
8. Medical records from Knoxville Orthopedic Clinic
9. Medical records from Ortho of Tennessee-Therapy
10. C-32 Dr. Michael Kern[1]
11. First Report of Injury

---

[1] University objected to the C-32. The Court overrules the objection and allows the C-32 as a signed medical record under the holding in *Mosley v. HG Staffing, LLC*, 2021 TN Wrk. Comp. App. Bd. LEXIS 18. (June 25, 2021).

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on March 17, 2026.

| Name | Cert. Mail | Reg. Mail | Email | Service sent to: |
|---|---|---|---|---|
| Capp Taylor, Employee's Attorney | | | X | capptaylor@aol.com |
| Leslie Bishop, Employer's Attorney | | | X | lbishop@lewisthomason.com rlee@lewisthomason.com swaltman@lewisthomason.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*